**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON**

| | |
|---|---|
| **VICTOR G. HALL,** | |
| **Petitioner,** | **Civil Action No. 15-184-DLB** |
| **v.** | |
| | **MEMORANDUM OPINION AND ORDER** |
| **DANIEL AKERS,** *Warden,* | |
| **Respondents.** | |

**\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\***

Victor G. Hall is an inmate formerly confined in the Lee Adjustment Center ("LAC"), a private prison located in Beattyville, Kentucky. In June 2015, he was transferred to the North Lake Correctional Facility, a private prison located in Baldwin, Michigan, where he is presently confined.[1] Proceeding *pro se*, Hall has filed a petition for a writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254 [R. 1]. However, Hall does not actually challenge the legality of his underlying state court conviction in Vermont.[2] Rather, he claims that his confinement in a Kentucky

---

[1] Hall names Corrections Corp. of America, Vermont Dept. of Corrections, and GEO Group as Respondents. However, the only proper respondent to a petition for a writ of habeas corpus is the individual who has immediate custody of the person detained, typically the warden of the facility where the petitioner is confined. 28 U.S.C. § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Hall filed this petition for a writ of habeas corpus while he was confined in the LAC. At that time, the warden at LAC was Daniel Akers. Thus, the CM/ECF docket sheet will be amended to identify Daniel Akers, Warden, as the Respondent. The Respondents originally named in this habeas action will be terminated as parties to this action.

[2] Hall previously challenged the legality of his underlying conviction both in the state courts in Vermont and then in a habeas petition filed pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Vermont. On August 13, 2015, the District Court in Vermont denied his petition. *See Victor G. Hall v. William H. Sorrell,* Civil No. 5:14-cv-84 [R. 26 therein (Opinion and Order Adopting Magistrate Judge's Report and Recommendation).

prison privately run by the Corrections Corporation of America ("CCA") is a violation of his constitutional rights. He essentially challenges the legality of private prisons and the reach of the state of Vermont's authority outside of its borders. Hall also appears to claim that Vermont's act in sending him to an out-of-state private prison effectively commuted his sentence and that he is entitled to be released from custody. [R. 1 at 15]. Because Hall is actually contesting the manner and place of his confinement, the Court construes his petition as one brought pursuant to 28 U.S.C. § 2241.[3]

Contemporaneously with the filing of his petition, Hall moved for a preliminary injunction and/or temporary restraining order prohibiting his transfer to another private prison during the pendency of this action. [R. 2] Shortly thereafter, he also moved for the appointment of counsel. [R. 4]. Hall has since notified the Court that he was transferred to a different private prison in Michigan, and thus, his address has changed. [R. 5].

Because Hall is not entitled to the relief he seeks, his habeas corpus petition is **denied**, his motions for preliminary injunction and appointment of counsel will be **denied as moot**, and this matter will be **dismissed**.

### DISCUSSION

A. **Hall's Construed § 2241 Habeas Petition**

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). It must deny a petition "if it plainly

---

[3] A petition for habeas corpus must be filed in the district in which the prisoner is confined. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). *See also United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (stating that, "[t]o entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian"). Hall's transfer to a prison in Michigan has no impact on this Court's jurisdiction over this matter. *See McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978) (explaining that jurisdiction attaches upon the initial filing for habeas corpus relief and is not destroyed upon the petitioner's transfer or custodial change) (citations omitted).

appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Hall's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Hall's factual allegations as true, and construes all legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As previously noted, Hall filed the subject habeas petition on a form utilized for the filing of habeas corpus petitions filed pursuant to 28 U.S.C. § 2254. Section 2254 petitions are appropriate when a prisoner seeks to challenge the legality of his underlying conviction or sentence. In this matter, Hall challenges the constitutionality of being housed in a private out-of-state prison. Thus, his petition challenges the manner in which the sentence is being served. For this reason, the Court will ignore the § 2254 form on which Hall's petition was filed and construe it as a habeas petition filed pursuant to 28 U.S.C. § 2241. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

A state prisoner may bring a habeas action under § 2241 or § 2254. See 28 U.S.C. § 2241(c)(3), (d); *Cooper v. McKinna*, No. 99-1437, 2000 WL 123753, at *1 (10th Cir. Feb. 2, 2000) (unpublished disposition) (holding that petitioner challenging his transfer to a private out-of-state prison "properly filed his petition pursuant to § 2241"); *Cooper v Schear*, Nos. 98-1158, 98-1159, 1999 WL 14047, at *1 (10th Cir. Jan. 15, 1999) (unpublished disposition) (noting and implicitly approving of the fact that state prisoner was proceeding pursuant to both §§ 2241 and 2254). However, "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Sims v. Johnson*, 41 F. App'x 149, 2002 WL 339368 (10th Cir. 2002); *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 468 n. 3 (10th Cir.1992). "[T]he fact that an inmate

is transferred to, or must reside in, a private prison, simply does not raise a federal constitutional claim." *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir.2000); *see also Montez v. McKinna*, 208 F.3d 62, 866 n. 4 (10th Cir. 2000).

Similarly, the fact that an inmate is convicted in one state and incarcerated in another does not raise a federal constitutional claim. *See Mathis v. Riley*, No. Civ. A. 06-0803, 2006 WL 2356030 (W.D. La., July 5, 2006) (rejecting the petitioner's claims that his transfer from Alabama to Louisiana violated his rights under the Eighth and Fourteenth Amendments). As the United States Supreme Court observed:

> Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State. Often, confinement in the inmate's home State will not be possible. . . . Overcrowding and the need to separate particular prisoners may necessitate interstate transfers.

*Olim v. Wakinekona*, 461 U.S. 238, 45-46 (1983) (upholding the constitutionality of a state prisoner's transfer from Hawaii to California).

**B.     Motion for a Preliminary Injunction and/or Temporary Restraining Order**

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). In deciding whether the circumstances demand a preliminary injunction, the Court must "weigh carefully the interests on both sides." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975).

The Sixth Circuit has developed a four-factor test to direct this inquiry. *See, e.g.*, *Int'l Longshoremen's Ass'n v. Norfolk Southern Corp.*, 927 F.2d 900, 903 (6th Cir. 1991), *cert. denied*,

112 S. Ct. 63 (1991). Courts should consider: (1) whether there is a strong or substantial likelihood of success on the merits; (2) whether an injunction is necessary to prevent irreparable harm to the plaintiff; (3) whether granting the injunction will cause harm to others, including the defendant; and (4) whether the public interest favors granting the injunction. *Id.*; *see also Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997). These factors are not prerequisites, and they need not be given equal weight, but they are factors to be balanced against each other. *In re Eagle-Pitcher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992). The plaintiff bears the burden of proving that an injunction is proper. *Overstreet*, 305 F.3d at 573.

Hall seeks an emergency preliminary injunction and/or temporary restraining order "against the transfer of Vermont prisoners currently being held in Kentucky and Arizona to the GEO facility in Michigan or any other GEO property," citing concerns about the constitutionality of such privately owned institutions. [R. 2]. However, Hall's Motion is moot because he has already been transferred from LAC to a private prison in Baldwin, Michigan. *See Raines v. Lomax*, 66 F. App'x 544, 545 (6th Cir. 2003); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998); *Price v. Caruso*, 451 F. Supp. 2d 889, 901 (E.D. Mich. 2006). The Court is also unable to grant the requested relief because LAC ceased operations as a private prison earlier this year.

However, even if Hall's Motion was not moot, he does not have a constitutional right to confinement in any particular state, nor does he have a constitutional right to confinement in a publicly operated prison. Thus, he has failed to demonstrate that he is likely to succeed on the merits of his constitutional claim. Absent a constitutional deprivation, there is no irreparable harm. *See Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (noting that the underlying purpose for a preliminary injunction is lost if there is no irreparable harm); *see also Lexington-Fayette Urban County Gov't v. Bellsouth Telcoms., Inc.*, 14 F. App'x. 636, 639 (6th Cir. 2001).

As for the risk of harm to others and the public interest, the Court simply notes that it must proceed with utmost care when a prisoner asks to enjoin prison officials. *See Kendrick v. Bland*, 740 F.2d 432, 438 (6th Cir. 1984) (urging courts to recognize the unique nature of the prison setting). Because judicial interference in prison administration is necessarily disruptive, the public's interest would not be served, and it could very well be harmed by the relief Hall seeks. *See Clay v. Isard*, No 09-00209, 2010 WL 565121, at *2 (W. D. Mich., February 10, 2009). Accordingly, the Court finds that all four factors weigh against granting Hall's Motion.

### C.  Motion for the Appointment of Counsel

The appointment of counsel is not a constitutional right in a civil case; rather, it is a privilege justified only by exceptional circumstances. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). In determining whether exceptional circumstances exist, courts examine the complexity of the factual and legal issues involved and whether fundamental unfairness, impinging on the right to due process, would result if the request for appointment of counsel is denied. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). The district court has discretion to grant or deny the request. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992).

In this case, Hall has demonstrated that he is able to articulate his claims, file the appropriate pleadings, and otherwise prosecute this action. However, because his claims have already been dismissed on the merits, there is no need for the appointment of counsel. Accordingly, Hall's Motion for the Appointment of Counsel shall be denied.

### CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

1.  The Clerk of the Court shall amend the CM/ECF docket sheet to reflect that Daniel Akers, Warden, is the properly named Respondent herein. The Clerk of Court shall also terminate

Corrections Corp. of America, Vermont Dept. of Corrections, and GEO Group as Respondents to this action.

     2.     Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, but construed as a Petition filed pursuant to U.S.C. § 2241, [R. 1] is **DENIED**;

     3.     Petitioner Victor E. Hall's Motion for a Preliminary Injunction and/or Temporary Restraining Order [R. 2] is **DENIED AS MOOT**;

     4.     Petitioner's Motion for the Appointment of Counsel [R. 4] is **DENIED AS MOOT**;

     5.     This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

     6.     Judgment in favor of Respondent shall be entered contemporaneously with this Memorandum Opinion and Order.

This 27th day of October, 2015.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\ProSe\Hall 15-184 MOO Dismissing Construed 2241 Petition.wpd